



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 23 P 2: 48

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVANS INDUSTRIES, INC.** | * | **C.A. NO. 01-0051** |
| **PLAINTIFF** | * | |
| | * | **SECT. "K" (JUDGE DUVAL)** |
| | * | |
| **VERSUS** | * | |
| | * | **MAGISTRATE 1 (SHUSHAN)** |
| **INTERNATIONAL BUSINESS** | * | |
| **MACHINES CORPORATION,** | * | |
| **IBM CREDIT CORPORATION, AND** | * | |
| **J. D. EDWARDS WORLD SOLUTIONS** | * | |
| **COMPANY** | * | |
| **DEFENDANTS** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO STAY AND ALTER OR AMEND JUDGMENT TO ALLOW FOR DEPOSIT INTO COURT'S REGISTRY

**NOW INTO COURT,** though undersigned counsel, comes defendant, J. D. Edwards World Solutions Company, which, pursuant to Federal Rule of Civil Procedure 59(e), hereby moves to alter or amend the judgment entered by this Honorable Court on February 9, 2004, seeking court approval to deposit the amount of the monetary judgment at issue in the registry of the Court under Federal Rule of Civil Procedure 67 and for a stay pursuant to Federal Rule of Civil Procedure 62(h).

**WHEREFORE,** for the reasons set forth in the accompanying memorandum, mover prays that this Honorable Court grant its Motion to Stay and Alter or Amend Judgment.

Page 1

Fee____
Process____
Dktd____
CtRmDep____
Doc. No. 64

Respectfully submitted,

**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**

By: _____

    **W. EVAN PLAUCHE, ESQ. (LSBA#21027)**
    **JOSEPH L. SPILMAN, III (LSBA#17813)**
One Galleria Blvd., Suite 1400
P.O. Box 8288
Metairie, Louisiana  70011-8288
Telephone:  (504) 836-6500

**and**

Stephen J. Baity
Alan T. Dickey
**GODIN & BAITY**
Independence Plaza
1050 Seventeenth Street, Suite 1610
Denver, Colorado  80265

Attorneys for J. D. Edwards World Solutions Company

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this **23** day of ___**FEB.**___, 2004, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid and/or by facsimile service.

_____

Page 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVANS INDUSTRIES, INC.** | * | **C.A. NO. 01-0051** |
| **PLAINTIFF** | * | |
| | * | **SECT. "K" (JUDGE DUVAL)** |
| | * | |
| **VERSUS** | * | |
| | * | **MAGISTRATE 1 (SHUSHAN)** |
| **INTERNATIONAL BUSINESS** | * | |
| **MACHINES CORPORATION,** | * | |
| **IBM CREDIT CORPORATION, AND** | * | |
| **J. D. EDWARDS WORLD SOLUTIONS** | * | |
| **COMPANY** | * | |
| **DEFENDANTS** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO STAY AND ALTER OR AMEND JUDGMENT TO ALLOW FOR DEPOSIT INTO COURT'S REGISTRY

**MAY IT PLEASE THE COURT:**

Defendant, J. D. Edwards World Solutions Company (hereinafter "J. D. Edwards"), by and through its attorneys, Hailey, McNamara, Hall, Larmann & Papale, L.L.P. and Godin & Baity, LLC, hereby submits its Memorandum in Support of Motion to Stay and Alter or Amend Judgment to Allow for Deposit into Court's Registry, pursuant to Fed.R.Civ.P. 59(e), 62(h) and 67.

Page 1

## I.    INTRODUCTION

J. D. Edwards seeks an order, pursuant to Fed.R.Civ.P. 62(h), staying execution of the judgment entered by this Honorable Court on February 9, 2004.  The basis for this request is that there are multiple remaining parties, and claims between those parties, that must be resolved before plaintiff should be permitted to collect the judgment.

J. D. Edwards also seeks an order, pursuant to Fed.R.Civ.P. 59(e), altering or amending the judgment to permit J. D. Edwards to tender the amount of the judgment into the registry of the Court, pursuant to Fed.R.Civ.P. 67.  The basis for mover's request is the preservation of the judgment amount pending resolution of the claims between the various parties, including claims by Defendant IBM Credit Corporation, which claims include collection on a note given by Plaintiff.

In addition, J. D. Edwards requests an order, pursuant to Fed.R.Civ.P 62(b), staying execution of the judgment until its Rule 59(e), 62(h) and 67 motions herein are determined.

## II.   FACTUAL BACKGROUND

On February 9, 2004, this Honorable Court entered judgment in favor of plaintiff, Evans Industries, Inc. (hereinafter "Evans"), and against J. D. Edwards in the sum of $1,865,000.00, plus interest, thereby affirming a previous arbitration award in favor of plaintiff.  It is significant to note the amount of damages against J. D. Edwards includes $988,072 in fees *Evans paid (via third party financing by IBM Credit Corporation) to a non-party in the arbitration --*

Page 2

*International Business Machines Corporation* (hereinafter "IBM") -- and $867,928 in fees Evans paid to J. D. Edwards. IBM is a defendant in this action but was <u>not</u> a party to the arbitration. IBM has a written contract with plaintiff, to which J. D. Edwards is not a party.

IBM implemented the OneWorld software sold to Evans by J. D. Edwards, which forms the basis of this litigation. The Arbitration Panel based its award, in part, on the grounds that J. D. Edwards was in a **"joint venture"** with IBM. This allegation continues to be denied by J. D. Edwards, but it will not be revisited here for purposes of the instant motion. (*See* J. D. Edwards' Motion to Vacate Arbitration Award and Memorandum in Support thereof, which was previously filed in this Honorable Court).

There is no dispute that Evans entered into an agreement with IBM Credit Corporation ("hereinafter "IBM Credit"), wherein IBM Credit financed Evans' purchase of the OneWorld Software and the implementation fees charged by IBM. Evans has not paid the note, and IBM credit has instituted legal action to collect. Moreover, Evans has named IBM Credit as a defendant in the instant action. Thus, plaintiff has pending claims against IBM and IBM Credit, and IBM Credit has claims against plaintiff.

Although this Court found "no just cause for delay" in rendering judgment against J. D. Edwards relative to the arbitration award, pursuant to Fed.R.Civ.P. 54(b), the federal lawsuit between Evans, IBM and IBM Credit remains active. Thus, the monetary award in Evans' favor against J. D. Edwards has obviously <u>not</u> disposed of the dispute. Moreover, notwithstanding the

Page 3

erroneous finding that J. D. Edwards was in a "joint venture" with IBM, J. D. Edwards has a cause of action against IBM to be reimbursed for the amount of the arbitration award designated as fees paid by Evans to IBM.

Significantly, Evans has asserted in pleadings filed with this Court that it may be near insolvency.[1]  Because of this, J. D. Edwards is concerned that once all of the issues in this case have ultimately been resolved, including the claims by and against IBM, the sum of $1,865,000.00 paid by J. D. Edwards will no longer be available to satisfy judgment in favor of any other party against Evans and/or restitution will be impossible should the arbitration award be reversed on appeal.  Since counsel for Evans has indicated that it will take steps to enforce the judgment pursuant to Fed.R.Civ.P. 62(a),  J. D. Edwards now moves for a stay of the judgment pending resolution of the claims between all the parties and for an amendment of the judgment at issue, allowing mover to deposit the full sum of the judgment into the registry of the Court for safe keeping, pursuant to Fed.R.Civ.P. 67.

## II.    LAW AND ARGUMENT

### A.    Motion to Stay Pending Outcome of Claims Between Multiple Parties

The arbitration award did not resolve all of the claims between the parties in this action. Plaintiff presently has claims against IBM and IBM Credit.  IBM Credit has claims against plaintiff.  J. D. Edwards anticipates filing cross-claims against IBM and potentially IBM Credit

---

1 .  See Evans Memorandum in Opposition to J. D. Edwards Motion to Continue Hearing on Motion to Confirm.

seeking a pro-rata reimbursement and/or contribution between the parties to the alleged "joint venture". It is clear that multiple parties and multiple claims remain in this case.

Fed.R.Civ.P. 62(h) allows the Court to stay enforcement of a judgment until all claims are resolved among multiple parties:

> When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.

Fed.R.Civ.P 62(h).

Fed.R.Civ.P. 62(h) is designed specifically for situations such as the one present here. The parties have filed various claims against each other, all of which will require extensive litigation. IBM Credit will be prejudiced if the judgment is not stayed, and plaintiff collects the judgment award. The full amount of the award is due IBM Credit pursuant to its note with Evans. Moreover, J. D. Edwards has potential claims against IBM for reimbursement of its payment and/or to apportion liability between them as alleged "joint venturers" with respect to the amount of the judgment. Staying the judgment and allowing deposit of funds into the Court's Registry will preserve the corpus until all claims against the multiple parties are resolved.

### B.   <u>Motion to Alter or Amend Judgment</u>

J. D. Edwards moves, pursuant to Fed.R.Civ.P. 59(e) for an order amending or altering the judgment to allow it to deposit the judgment amount into the Court's Registry. A Rule 59(e)

motion calls into question the correctness of a judgment.  In the Matter of TransTexas Gas Corp.,

303 F.3d 571, 581 (5th Cir. 2002).  Thus, Rule 59(e) is properly invoked "to correct the manifest

errors of law or fact or to present newly discovered evidence."  Id., citing Waltman v. Int'l Paper

Co., 875 F.2d 468, 473 (5th Cir. 1989).  Based on the finding of the Arbitration Panel that a

"joint venture" allegedly existed between J. D. Edwards and IBM, there exists manifest error in

law and in fact in this matter.  Should mover, as one party to the alleged joint venture, pay the

full amount of the erroneous judgment to Evans at this juncture, it could effectively deprive the

other alleged party of the joint venture, funds it is due in the same ongoing legal dispute with

Evans.  Moreover, there exists a potential claim over in mover's favor against IBM for the

amount of the judgment that reflects Evans' payment to IBM.  The confusion that necessarily

exists in this case over the right to any payment of money, as well as to the financial stability of

the plaintiff corporation, requires the equitable preservation of the monetary judgment at issue

until all matters are properly adjudicated in this Court and/or the court of appeal.

### C.     **Deposit of Funds in Court Registry**

Rule 67 provides, in pertinent part:

> In an action in which any part of the relief sought is a judgment for a sum of money
> or the disposition of a sum of money or the disposition of any other thing capable of
> delivery, a party, upon notice to every other party, and by leave of court, may deposit
> with the court all or any part of such sum or thing, whether or not that party claims all
> or any part of the sum or thing.

Fed.R.Civ.P. 67.

Page 6

It is well-settled that the rule's purpose is to relieve the depositor of responsibility for the fund in dispute while the parties hash out their differences with respect to it. Cajun Electric Power Cooperative v. Riley Stoker Corp., 901 F.2d 441, 444-45 (5th Cir. 1990), citing Gulf States Utils. Co. v. Alabama Power Co., 824 F.2d 1465, 1474 (5th Cir. 1987) (quoting 12 C. Wright & A. Miller; and *Federal Practice and Procedure 2991 (1973)* *modified on other grounds,* 831 F.2d 557 (5th Cir. 1987). Whether Rule 67 relief is available in any particular case is a matter committed to the sound discretion of the district court. Cajun Electric, supra.

In Cajun Electric, the defendant was allowed to deposit in the registry of the court the amount of an arbitration award. 901 F.2d 441. Following a net award to the plaintiff in the amount of $21,914, 403.00, the defendant made a request to deposit its payment satisfying the award into the registry of the court pursuant to Rule 67. Id. at 443. The defendant made the request because the plaintiff had taken the inconsistent position of demanding payment while simultaneously hinting that it would challenge the award's validity. Id. This was unfair to the defendant who had to choose whether to transfer a huge sum of money to the plaintiff in satisfaction of the arbitration award or face significant penalties pending final resolution of any challenge to the award. Id. The court found that Rule 67 allowed the party to deliberate before deciding whether or not to challenge the award. Id. It also gave the defendant an opportunity to comply with the award's payment deadline while the plaintiff was considering its legal options. Id. Although the plaintiff argued that Rule 67 was not available because the debt was "not in

dispute," the Fifth Circuit rejected this argument.  Id.  The court found that the amount was not in dispute but, rather, that the plaintiff had attacked the award's preclusive effect on other claims that the defendant had against the plaintiff.  Id.

Cajun Electric demonstrates the equitable considerations underlying Rule 67.  In this case, the final resolution of *all* of the related disputes in this matter could arguably involve extensive litigation and expose J. D. Edwards to significant penalties if the award is not paid.  However, payment of the sum of $1,865,000.00 to Evans at this point in the litigation could permanently deprive J. D. Edwards and/or IBM, its alleged "partner" in the "joint venture", or IBM Credit, of recovery to which each may be entitled.  As such, mover herein respectfully requests this Court to exercise its discretion and to amend the judgment at issue to allow J. D. Edwards to deposit the funds in the Court's registry pending resolution of the further claims between Evans and IBM, Evans and IBM Credit and between J. D. Edwards and IBM.

## III.   CONCLUSION

Based on the foregoing, defendant, J. D. Edwards World Solutions Company, prays that its Motion to Stay and Alter or Amend Judgment to Allow for Deposit into Court's Registry, pursuant to Rules 59(e), 62(h) and 67, be granted, thereby allowing mover to deposit the sum of the judgment in the Court's registry, in full compliance with said judgment.  In addition, J. D. Edwards prays for an order, pursuant to Rule 62(h), staying execution of the judgment until its Rule 59(e), 62(h) and 67 motions herein are determined.

Page 8

Respectfully submitted,

**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**

By: _____

      **W. EVAN PLAUCHÉ, ESQ. (LSBA#21027)**
      **JOSEPH L. SPILMAN, III (LSBA#17813)**
One Galleria Blvd., Suite 1400
P.O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504) 836-6500

**and**

Stephen J. Baity
Alan T. Dickey
**GODIN & BAITY**
Independence Plaza
1050 Seventeenth Street, Suite 1610
Denver, Colorado 80265

Attorneys for J. D. Edwards World Solutions Company

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this **23** day of _____**FEB.**_____, 2004,

served a copy of the foregoing pleading on counsel for all parties to this proceeding, by

mailing the same by United States Mail, properly addressed, and first class postage prepaid

and/or by facsimile service.

_____

Page 9

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVANS INDUSTRIES, INC.** | * | **C.A. NO. 01-0051** |
| **PLAINTIFF** | * | |
| | * | **SECT. "K" (JUDGE DUVAL)** |
| | * | |
| **VERSUS** | * | |
| | * | **MAGISTRATE 1 (SHUSHAN)** |
| **INTERNATIONAL BUSINESS** | * | |
| **MACHINES CORPORATION,** | * | |
| **IBM CREDIT CORPORATION, AND** | * | |
| **J. D. EDWARDS WORLD SOLUTIONS** | * | |
| **COMPANY** | * | |
| **DEFENDANTS** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that defendant, J. D. Edwards World Solutions Company, will bring the attached Motion to Stay and Alter or Amend Judgment to Allow for Deposit into Court's Registry before the Honorable Stanwood Duval, Jr., United States District Court, Eastern District of Louisiana, 500 Camp Street, New Orleans, Louisiana, on the *17th day of March 2004, at 9:30 a.m.,* or as soon thereafter as counsel can be heard.

Page 1

Respectfully submitted,

**HAILEY, McNAMARA, HALL, LARMANN
& PAPALE, L.L.P.**

By: _____
    **W. EVAN PLAUCHE, ESQ. (LSBA#21027)
    JOSEPH L. SPILMAN, III (LSBA#17813)**
One Galleria Blvd., Suite 1400
P.O. Box 8288
Metairie, Louisiana 70011-8288
Telephone: (504) 836-6500

**and**

Stephen J. Baity
Alan T. Dickey
**GODIN & BAITY**
Independence Plaza
1050 Seventeenth Street, Suite 1610
Denver, Colorado 80265

Attorneys for J. D. Edwards World Solutions
Company

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this **23** day of **FEB.**_____, 2004,

served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing

the same by United States Mail, properly addressed, and first class postage prepaid and/or by

facsimile service.

_____

Page 2