FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 FEB 25  PM 2: 43

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EVANS INDUSTRIES, INC.** | **C. A. NO.  01-0051** |
| **VERSUS** | **JUDGE DUVAL** |
| **INTERNATIONAL BUSINESS MACHINES CORPORATION, ET AL** | **MAGISTRATE SHUSHAN** |

### MOTION TO STAY ENTRY OF FINAL JUDGMENT OR STAY EXECUTION OF JUDGMENT

NOW INTO COURT, through undersigned counsel comes Defendant, IBM Credit LLC f/k/a IBM Credit Corporation, a Delaware limited liability company, ("IBM Credit") who moves to stay or preclude entry of final judgment and/or stay execution of judgment, for the following reasons:

1.

Plaintiff Evans Industries, Inc. ("Evans") originally filed two separate state court actions, one against J.D. Edwards World Solutions, Inc. ("Edwards"), and the other against

805790-1

International Business Machines, (IBM). IBM removed the case against it to this Court. Ultimately, Evans amended that suit to name Edwards as a defendant and for the first time named IBM Credit as a defendant. The suit sought damages allegedly resulting from the sale and implementation of certain software and services. IBM Credit answered denying any liability and asserting a counterclaim because of Evans' default of its payment obligations under the Term Lease Master agreement which existed between IBM Credit and Evans.

2.

As part of its contract with Edwards, Evans agreed to arbitrate any dispute. On motion of Edwards, the Court ordered arbitration while the remaining portion of the case was stayed.

3.

The Arbitration Panel entered an Award of Arbitrators on December 16, 2003 against Edwards for $1,865,000. According to the written reasons, "This sum consists of the amounts Evans paid JDE for the software License ($520,100); training fees ($74,400); maintenance fees ($35,428); CNC services ($247,000) and the amount paid to IBM in connection with the implementation of the Software. We view the implementation costs as direct costs incurred by Evans and, although they were not paid directly to Evans, we treat them as such by reason of JDE's representations that implementation was a joint venture." (Emphasis added.)

805790-1

4.

On February 9, 2004, this Court entered a judgment confirming the award in arbitration. The judgment of the Court states: "There is no just reason for delay," presumably indicating it is a final judgment pursuant to Rule 54(b).

5.

However, Edwards has requested a new trial in connection pursuant to Rule 59. In connection with that motion, IBM Credit submits this Motion to Stay Entry of Final Judgment or Stay Execution.

6.

Rule 54(b) allows for a judgment to become final if the court specifically finds there is no just reason for delay. IBM Credit submits that for reasons more fully set out in its memorandum in support, there is just reason for delay which mitigates against the designation of this judgment as final. Although the facts and circumstances relating to the liability of Edwards are separate and distinct from the claims by and against IBM Credit, the damage award is nonetheless inextricably tied to and dependent upon the adjudication of IBM Credit's counter claim. The damages awarded to Evans and the claims of IBM Credit are not separate and distinct as contemplated by Rule 54(b). The factors such as separability of the adjudicated claims, risk of multiple appeals, and the simple equities support the conclusion that a final judgment should not be entered.

7.

In its ruling, the Arbitration Panel concluded that Evans is entitled to recover damages against Edwards in the amount of approximately $1.8 million. During the arbitration, Evans presumably argued that it had been damaged by the amounts it paid to Edwards and IBM and sought the return of this money. However, Evans has not yet paid any of these funds to IBM and Edwards. Instead, these monies were paid by IBM Credit on behalf of Evans pursuant to the Term Master Lease Agreement. IBM Credit has not been repaid by Evans. Thus, the Arbitration Panel has essentially awarded damages to Evans which it has not yet suffered.

8.

Additionally, it should be noted that Evans is apparently in precarious financial condition. In Evans' Memorandum in Opposition to Motion of J. D. Edwards to Continue Hearing on Motion to Confirm Arbitration, Evans argued, "The implementation failure inflicted substantial financial injury on Evans, which is a local, family-owned company.... Evans has struggled, and continues to struggle, financially as a result of the failed implementation. Any further significant delay and enforcement of the award may well threaten Evans' ability to continue operations."

9.

In light of the foregoing, if the judgment becomes final, Evans has indicated its intent to immediately execute on the judgment. Evans may very well collect the funds awarded and spend them on other financial exigencies, even though it has never actually sustained such

805790-1

damages. Evans can only be entitled to a return of sums paid to Edwards and IBM it is ever found to have <u>actually</u> paid them through its obligations to IBM Credit under the Term Master Lease. IBM Credit submits that this is a situation where the damage portion of the judgment and IBM Credit's counter claim are so intertwined that the judgment should not be made final until the counter claim is completely adjudicated.

10.

Alternatively, in accordance with Rule 62(h) of the Federal Rules of Civil Procedure, IBM Credit prays that there be a stay of the judgment. Rule 62(h) states, "When a Court has entered a final judgment under the conditions stated in Rule 54(b), the Court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."

11.

The ruling of the Arbitration Panel and this Court pre-supposes that Evans actually paid IBM and Edwards the sums which have now been ordered advanced in the form of damages. However, this is not the case. In fact, the payments were made by IBM Credit. In light thereof and in the interest of justice, execution of the judgment should be stayed pending the complete adjudication of the IBM Credit counterclaim against Evans for breach of the Term Master Lease payment provision.

805790-1

WHEREFORE, IBM Credit, LLC hereby prays that a final judgment not be entered in accordance with Rule 54(b), or alternatively, a stay of enforcement of that judgment be entered in accordance with Rule 62(h) of the Federal Rules of Civil Procedure.

By Attorneys

James R. Chastain, Jr. (Bar No. 19518)
William R. Coenen, III (Bar No. 27410)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
Post Office Box 3513
Baton Rouge, LA 70821
Telephone: (504) 387-0999

*Attorneys for IBM Credit LLC*

805790-1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been mailed, postage prepaid to the following:

Mr. John M. Landis
Stone, Pigman, Walther,
 Wittmann & Hutchinson, LLP
546 Carondelet Street
New Orleans, LA 70130-3588

Mr. Stephen J. Baity
Godin & Baity LLC
Independence Plaza
1050 17th Street, Suite 1610
Denver, CO 80265

Mr. David Nelson
Kean, Miller, Hawthorne, D'Armond,
 McCowan & Jarman
P.O. Box 3513
Baton Rouge, LA 70821

W. Evan Plauche
Joseph L. Spilman, III
Lorie G. DeMarcay
Hailey, McNamara, Hall, Larmann & Papale, LLP
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

Baton Rouge, Louisiana this 25th day of February, 2004.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EVANS INDUSTRIES, INC.                    C. A. NO. 01-0051

VERSUS                                     JUDGE DUVAL

INTERNATIONAL BUSINESS                     MAGISTRATE SHUSHAN
MACHINES CORPORATION, ET. AL

<u>IBM CREDIT LLC'S MEMORANDUM IN SUPPORT OF
MOTION TO STAY ENTRY OF FINAL JUDGMENT OR
STAY EXECUTION OF JUDGMENT</u>

MAY IT PLEASE THE COURT:

Defendant, IBM Credit LLC f/k/a IBM Credit Corporation, a Delaware limited liability corporation ("IBM Credit") moves this Court to stay or preclude entry of final judgment and/or stay execution of judgment against JD Edwards World Solutions Company ("Edwards") in favor of Plaintiff, Evans Industries, Inc ("Evans"). Because of the circumstances involved in this case, IBM Credit submits that in the interest of justice, the

1

judgment in favor of Evans should not be made final or, alternatively, the enforcement of any Rule 54(b) final judgment should be stayed pursuant to Rule 62(h) pending complete adjudication of the remaining claims in the case.

This litigation arises out of Evans' dissatisfaction with certain software and services it purchased from Edwards and certain services it purchased from International Business Machines Corporation ("IBM").   IBM Credit was not involved in the implementation of the software; its only role was as a financer for Evans' purchases of products and services from Edwards and IBM.[1]  The financing tool employed by Evans and IBM Credit was a Term Lease Master Agreement ("the Lease").

Evans originally filed two separate state court actions, one against Edwards and the other against IBM. Each suit sought damages resulting from the sale and implementation of certain software and services. After IBM removed the case to this Court, Evans amended to bring Edwards into the same litigation. As an apparent afterthought, Evans included IBM Credit as a defendant.[2]  In responding to Evans' claims, IBM Credit denied any liability and asserted a counterclaim against Evans based upon Evans' failure to pay the amounts due

---

[1]. IBM Credit set forth its involvement and attached copies of the Lease as part of its motion for summary judgment.

[2] Interestingly, IBM Credit was never mentioned in the two state court suits and did not become a defendant until after it put Evans in default under the Lease.

2

under the Lease. [3]

As part of its contract with Edwards, Evans agreed to arbitrate any dispute. On motion of Edwards, the Court ordered arbitration of Evans' claims against it and issued a stay of the remaining portion of the case pending the arbitration.

Evans and Edwards then conducted a lengthy arbitration hearing. On December 16, 2003, the Arbitration Panel entered an Award of Arbitrators in favor of Evans and against Edwards in the amount of $1,865,000. According to the written reasons:

> This sum consists of the amounts paid JDE for the software License ($520,100); training fees ($74,400); maintenance fees ($35,428); CNC services ($247,000) and the amount paid to IBM in connection with the implementation of the Software. We view the implementation costs as direct costs incurred by Evans and, although they were not paid directly to Evans, we treat them as such by reason of JDE's representations that implementation was a joint venture. (Emphasis added.)

Despite asking for numerous other items of damages, the Arbitration Panel essentially sought to return the parties to their respective pre-contractual positions by ordering Edwards to return the sums Evans had paid in connection with the software purchase and implementation. On February 9, 2004, this Court entered a judgment confirming the award in arbitration. The Court's judgment states "there is no just reason for delay", which appears to suggest the Court intends this to be a final judgment pursuant to Rule 54(b).

---

[3]. As noted in paragraphs 14 -17 of its counterclaim, Evans has failed to make timely payments. The Lease was declared in default and demand was make on Evans to pay all amounts due.

3

However, Edwards has requested a new trial pursuant to Rule 59. Although not a party to the arbitration, IBM Credit, in the interest of fundamental fairness and justice, files this Motion to Stay Entry of Final Judgment or Stay Execution.

### A.   There Is Just Reason Not to Enter a Final Judgment under Rule 54(b)

Rule 54(b) does allow for the entry of a final judgment in situations when more than one claim for relief is presented in an action or when multiple parties are involved, provided that the Court determines and declares that there is no just reason for delay. Rule 54(b) is permissive in nature; the court is given the power to enter a final judgment as to less than all claims or parties if it decides that the ends of justice so require. See Wright & Miller, Federal Practice and Procedure, section 2656. In this instance, IBM Credit submits that there is just reason for delay and this judgment should not become final at this point.

There are two components in the inquiry into whether there exist reasons to delay the entry of a final judgment on a claim in a multiple claim case. First, the court must consider whether certification would offend the policy against piecemeal appeals.[4] Second, the court must examine the equities in a given case to ascertain whether certification would

---

[4]. There is a strong federal policy against piecemeal review.  Because of this, there must be a weighing of the overall policy against piecemeal appeal against whatever exigencies the case may present. See Wright & Miller, Federal Practice and Procedure, Sec. 2656, at p. 52: ("The close relationship between the fact patterns supporting the claims means that the policy against piecemeal review with the attendant risk of repeated inquiry into the same basic facts should take precedence over the desirability of permitting an immediate appeal upon the termination of a separable unit of the case.") This balance strikes in favor of not entering a final judgment.

result in injustice to any other parties involved. See Curtiss-Wright Corp. v. General Electric Co., 466 U.S. 1, 100 S. Ct. 1460, 64 L.Ed.2d 1 (1980). In this case, both factors compel a finding of a just reason for delay.

First, making the judgment final in this case will undoubtedly result in piecemeal, out of sequence appeals. The damages awarded to Evans and the claim of IBM Credit is inextricably intertwined; they are not separate and distinct as contemplated by Rule 54(b). Stated simply, if the Court ultimately finds that Evans is not responsible to repay IBM Credit the money it owes, then Evans will have never sustained the damages now being awarded by this Court's February 9 judgment. It is a classic "cart before the horse" paradox. Evans has been awarded damages for sums it has not yet paid. Evans filed this action against Edwards, IBM and IBM Credit arising from the alleged faulty software implementation services. IBM Credit filed a counterclaim for payment on the Lease. The Arbitration Panel awarded damages in favor of Evans in the form of the return of the sums Evans had paid to Edwards and IBM. However, until Evans repays IBM Credit for the funds paid on its behalf, it will not have ever, directly or indirectly, paid any sums to Edwards or IBM.

IBM Credit acknowledges that the facts involving the alleged conduct of IBM and Edwards and the alleged "joint venture" were at issue in determining the liability of

Edwards and/or the joint venture in the arbitration.[5]  Although the conduct which underlies

the finding of liability does not involve IBM Credit, the damages are inextricably tied to and

wholly dependent upon the complete adjudication of IBM Credit's counter claim.  In fact,

unless Evans is found to be liable unto IBM Credit under the Lease, Evans will not have

actually sustained the damages awarded by the arbitration and confirmed by this Court and

will have received nothing short of a windfall.  The evidence, facts, and issues surrounding

Evans' entitlement to damages from Edwards and IBM and/or the alleged "joint venture" will

be the same evidence, facts, and issues involved in the determination of Evans' liability on

the counterclaim.  If Evans is found liable to IBM Credit, then the judgment of 2/9/04 is

supportable.  On the other hand, if Evans avoids its obligations to IBM Credit, the judgment

would result in an unconscionable windfall. Taken to its logical conclusion, a final judgment

on the arbitration award will result in appellate review of facts that will be the same facts and

law that will be presented again in the trial of the remaining claims and may result in

additional appellate review.

Moreover, and perhaps more significant, the equities compel not certifying the

judgment.  IBM Credit will be prejudiced if the judgment is declared final.  The Arbitration

---

[5] Of particular significance is the absence of any mention of IBM Credit at the
arbitration.  Evans narrowly avoided a motion for summary judgment filed by IBM Credit
prior to arbitration by arguing that IBM Credit was somehow involved in a "joint venture"
with IBM and Edwards.  Evans apparently abandoned that approach when forced to
present evidence during the arbitration.

6

Panel concluded that Evans is entitled to recover damages against Edwards in the amount of approximately $1.8 million dollars. Evans argued that it paid these sums of money to Edwards and IBM and was entitled to the return of these funds. However, in truth and in fact, Evans did not pay these funds. Instead, these monies were paid by IBM Credit to Edwards and IBM. It is IBM Credit's funds which have been ordered to be returned by the Arbitration Panel and now, presumably this Court.

IBM Credit submits that Evans should be required to repay the amount pursuant to the Lease, but, as of this date, no such ruling has been issued. Evans defaulted and has not repaid the funds, nor has it indicated an intention to do so. The Lease states that Evans assigned to IBM Credit the right to purchase from and its obligation to pay its Supplier. Logic seems to dictate that Evans also assigned to IBM Credit its right to get the money back if returned by sellers, IBM and Edwards.

The money awarded to Evans by the Arbitration Panel was never paid by Evans. The obvious flaw in the Arbitration Panel's analysis is that Evans never paid this money, and, therefore, has not yet been damaged. Evans should not get this windfall. At most, the arbitration damage award should be viewed as a suspensively conditioned judgment, i.e., suspensively conditioned upon a finding of liability to IBM Credit on the counter claim.

If this judgment becomes final, Evans can execute on the judgment, take the $1.8 million dollars that rightfully belongs to IBM Credit, use it, and leave nothing for IBM

Credit to satisfy the Lease. It is important to note that this is a reality, not mere speculation. In Evans' Memorandum in Opposition to Motion of J. D. Edwards to Continue Hearing on Motion to Confirm Arbitration, Evans judicially confessed its precarious financial situation on page 2:

> The implementation failure inflicted substantial financial injury on Evans, which is a local, family-owned company....Evans has struggled, and continues to struggle, financially as a result of the failed implementation. Any further significant delay in enforcement of the award may well threaten Evans' ability to continue operations.

In light of the foregoing, if the judgment becomes final, IBM Credit is going to be the one left "holding the bag". For the arbitration ruling to stand and be a final executable judgment, Evans must be found to have admitted and judicially confessed its debt to IBM Credit. If so, IBM Credit should then be entitled to a judgment on its counterclaims as a matter of law, or at the very least, its day in Court before the funds are actually paid to Evans.

IBM Credit submits that this is a situation where a judgment should not become final. There is ample reason for delay. The Court should refuse to certify this judgment as final and instead adjudicate all claims by the parties in this action before issuing and entering a final judgment. Stated simply, Rule 54(b) does not contemplate the entry of a final judgment under such circumstances.

### B. Stay Enforcement of Judgment, Rule 62(h).

Rule 62(h) of the Federal Rules of Civil Procedure states, "When a Court has

entered a final judgment under the conditions stated in Rule 54(b), the Court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."   As set forth previously, IBM Credit prays that the judgment not be declared final under Rule 54(b). However, in the event it is declared final, IBM Credit requests that a stay of enforcement of that judgment be entered until such time as the Court can adjudicate the counterclaim by IBM Credit against Evans.

The award of the Arbitration Panel and judgment of this Court necessarily assumes that Evans actually paid IBM and Edwards the sums it sought as damages. However, as previously stated, this is not the case. The actual payments were made by IBM Credit. Evans was to repay pursuant to the Lease, but has not yet done so. In light thereof and in the interest of justice, any judgment on the arbitration ruling should be stayed, pending the adjudication of the claim by IBM Credit against Evans for the return of these proceeds.

Other Courts have taken this action. For example, in <u>Hartford Acc. and Indem. Co v. Boise Cascade Corp.</u>, 489 F.Supp. 855 (N.D. Ill. 1980), Hartford  obtained a final judgment against Boise for the amount of the contract balance; however, a stay of enforcement was entered pending adjudication of Boise's counterclaims for alleged damages resulting from Hartford's failure to secure completion of the construction project as an offset. The Court stated at p. 860:

9

> The Court, however, will heed the suggestion in General Electric, 446 U.S. at — n.3, 100 S.Ct. at 1467 n.3, and stay enforcement of the judgment in accordance with Fed.R.Civ.P. 62(h).  As a condition of this stay, the Court orders that Boise within 15 days deposit the amount of judgment with the Clerk of the Court.  The Clerk is directed to invest the funds in a manner agreed to by the parties, or if the parties cannot so agree, to purchase short-term high-yield government obligations and hold them pending the resolution of the counterclaim.   It is so ordered.

Similarly, in St. Marie and Son, Inc. v . Hartz Mountain Corp., 414 F.Supp. 71 (D. Minn. 1976), the enforcement of judgment in favor of a manufacturer on its counterclaim for goods sold and delivered to the distributor was stayed until judgment was entered on anti-trust issues raised by the distributor's complaint.[6]  See also Curtis Publishing Co. v. Church, Rickards & Co. Inc., 58 F.R.D. 594 (E.D.Pa. 1973) (Court granted partial summary judgment for plaintiff and entered final judgment but stayed the enforcement of such judgment pending entry of final judgment on counterclaim).

Rule 62(h) further provides that a court can prescribe such conditions as necessary to secure the benefit to the judgment creditor.  To protect the interest of all concerned, during the pendency of the stay this Court could order Edwards to deposit the money in the registry of the Court.  See Hartford Acc. and Indem. Co., v. Boise Cascade

---

[6].  See also Morand Bros. Beverage Co. v. National Distillers and Chemical Corp. 25 F.R.D. 27 (N.D. Ill. 1959).

Corp., supra. In this fashion, all competing interests can be safeguarded; Edward's interest in stopping the running of interest will be satisfied; Evans' interest of ensuring a solvent source for collection of its award will be satisfied; and IBM Credit's interest of ensuring that the funds returned by virtue of the Arbitration Panel award will not be spent prior to the adjudication of its claim will be satisfied.

If the Arbitration Panel's goal was to unravel the transaction, then it should be unraveled all the way back to IBM Credit, the entity that paid the money. However, until Evan's liability to IBM Credit under the Lease can be completely adjudicated by the Court, the award of actual damages to Evans is improper and based upon pure speculation (unless, of course, Evans is willing to concede that such sums must be paid to IBM Credit). Hence, IBM Credit prays that a stay of enforcement be issued in accordance with Rule 62(h).

11

C. Conclusion

IBM Credit, LLC hereby prays that a final judgment not be entered pursuant to Rule 54(b).  Alternatively, if the judgment is made final, IBM Credit prays that pursuant to Rule 62(h), the enforcement be stayed pending adjudication of the remaining claims in the case.

By Attorneys

James R. Chastain, Jr.  (Bar No. 19508)
William R. Coenen, III (Bar No. 27410)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
Post Office Box 3513
Baton Rouge, LA  70821
Telephone:  (504) 387-0999
*Attorneys for IBM Credit LLC*

12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been mailed, postage prepaid to the following:

>Mr. John M. Landis
>Stone, Pigman, Walther,
> Wittmann & Hutchinson, LLP
>546 Carondelet Street
>New Orleans, LA 70130-3588
>
>Mr. Stephen J. Baity
>Godin & Baity LLC
>Independence Plaza
>1050 17th Street, Suite 1610
>Denver, CO 80265
>
>Mr. David Nelson
>Kean, Miller, Hawthorne, D'Armond,
> McCowan & Jarman
>P.O. Box 3513
>Baton Rouge, LA 70821
>
>W. Evan Plauche
>Joseph L. Spilman, III
>Lorie G. DeMarcay
>Hailey, McNamara, Hall, Larmann & Papale, LLP
>One Galleria Boulevard, Suite 1400
>P.O. Box 8288
>Metairie, LA 70011-8288

Baton Rouge, Louisiana this 25th day of February, 2004.

13

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

EVANS INDUSTRIES, INC.                    C. A. NO. 01-0051

**VERSUS**                                **JUDGE DUVAL**

INTERNATIONAL BUSINESS                    **MAGISTRATE SHUSHAN**
MACHINES CORPORATION, ET. AL

## NOTICE OF HEARING

TO:      Mr. John M. Landis
Stone, Pigman, Walther,
 Wittmann & Hutchinson, LLP
546 Carondelet Street
New Orleans, LA 70130-3588

Mr. Stephen J. Baity
Godin & Baity LLC
Independence Plaza
1050 17th Street, Suite 1610
Denver, CO 80265

Mr. David Nelson
Kean, Miller, Hawthorne, D'Armond,
 McCowan & Jarman
P.O. Box 3513
Baton Rouge, LA 70821

W. Evan Plauche
Joseph L. Spilman, III
Lorie G. DeMarcay
Hailey, McNamara, Hall, Larmann & Papale, LLP
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

**PLEASE TAKE NOTICE** that the IBM Credit LLC's Motion to Stay

Entry of Final Judgment or Stay Execution of Judgment will be brought for hearing

before the Honorable Stanwood R. Duval, Jr., United States District Court Judge, Eastern

District of Louisiana, United States Federal Courthouse, on the 17th day of March, 2004,

at 9:30 a.m., or as soon thereafter as counsel can be heard.

By Attorneys

James R. Chastain, Jr. (Bar No. 19518)
William R. Coenen, III (Bar No. 27410)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
Post Office Box 3513
Baton Rouge, LA 70821
Telephone: (504) 387-0999

*Attorneys for IBM Credit LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been mailed, postage

prepaid to the following:

Mr. John M. Landis
Stone, Pigman, Walther,
 Wittmann & Hutchinson, LLP
546 Carondelet Street
New Orleans, LA 70130-3588

Mr. Stephen J. Baity
Godin & Baity LLC
Independence Plaza
1050 17th Street, Suite 1610
Denver, CO 80265

Mr. David Nelson
Kean, Miller, Hawthorne, D'Armond,
 McCowan & Jarman
P.O. Box 3513
Baton Rouge, LA 70821

W. Evan Plauche
Joseph L. Spilman, III
Lorie G. DeMarcay
Hailey, McNamara, Hall, Larmann & Papale, LLP
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

Baton Rouge, Louisiana this 25th day of February, 2004.

2